Filed 5/15/26  P. v. Shepherd CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B347679 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA104635) |
| v. | |
| JERMAINE DEMOND SHEPHERD, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Mike Camacho, Judge.  Affirmed.

Jermaine Demond Shepherd, in pro. per.; Susan Wolk, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————————

Jermaine Demond Shepherd appeals from the superior court's order denying his petition for resentencing under Penal

Code section 1170.18, subdivisions (b) and (g).[1]  We appointed counsel to represent Shepherd on appeal.  After reviewing the record, counsel for Shepherd filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 that did not identify any arguable issues.  After independently reviewing the record and the contentions raised in Shepherd's supplemental brief, we have not identified any either.  We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

Between September 6, 2012 and April 19, 2013, Shepherd entered multiple gas stations armed with a firearm, pointed the gun at the gas station clerks, and demanded money.  On October 16, 2014 Shepherd was charged by an amended information with one count of attempted second degree robbery (§§ 211, 664; count 1), one count of assault with a firearm (§ 245, subd. (a)(2); count 4), and 22 counts of second degree robbery (§ 211; counts 2-3, 5, 8-26).  As to all counts, it was further alleged that Shepherd personally used a firearm (§ 12022.53, subd. (b)).

Prior to trial Shepherd pleaded no contest to counts 1 to 4, 8 to 11, 18, 19, 22, and 26 and admitted the firearm enhancement allegations.  On February 2, 2015 the court dismissed the remaining counts and sentenced Shepherd to 25 years in state prison.

On June 30, 2025 Shepherd filed a form petition seeking to be resentenced under section 1170.18, subdivisions (b) and (g).  Shepherd checked the box indicating he "completed his/her

---

[1]     Further statutory references are to the Penal Code.

sentence for the offense and requests that the felony conviction be designated a misdemeanor conviction" and that resentencing him "would not pose an unreasonable risk of danger to public safety." That same day, the superior court denied the petition on the basis Shepherd was ineligible for relief.

Shepherd timely appealed.

## DISCUSSION

We appointed counsel to represent Shepherd in this appeal. After reviewing the record, counsel did not identify any arguable issues and indicated that "[t]his court should determine appealability." Counsel stated in her declaration dated March 25, 2026 that she had advised Shepherd that she was filing a brief stating she was unable to find any arguable issues and that Shepherd could personally submit a supplemental brief stating any contentions he wanted the court to consider. Counsel also sent Shepherd a copy of the opening brief and the record on appeal.

On April 8, 2026 we received a two-page supplemental brief from Shepherd. In his supplemental brief, Shepherd requests we consider that section 1385 "was amended[,] . . . which changes rules for [striking] enhancements" and that "[b]ecause petitioner received 15 years for the robberies [and] a 10 years enhancement, which [exceeded] 20 years . . . Petitioner request[s] the court to 'modify' the enhancement to five years."[2] Shepherd also argues

---

[2] Section 1385, subdivision (c) states, "(1) Notwithstanding any other law, the court shall dismiss an enhancement if it is in the furtherance of justice to do so, except if dismissal of that

that under Assembly Bill No. 600 (2023-2024 Reg. Sess.), which amended section 1172.1, a trial court now has jurisdiction to resentence a defendant on its own motion if the applicable sentencing laws have changed since the original sentencing based on new statutory authority or case law.[3]

On November 4, 2014 the voters enacted section 1170.18 as part of Proposition 47, the Safe Neighborhoods and Schools Act. (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089.) Under section 1170.18, subdivision (a), "[a] person who . . . was serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section . . . had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction [in] their case to request resentencing." However, Shepherd is not eligible for

enhancement is prohibited by any initiative statute. [¶] (2) In exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances in subparagraphs (A) to (I) are present. Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety."

3      "Assembly Bill No. 600, effective January 1, 2024, amended section 1172.1 in several relevant respects. As amended, section 1172.1, subdivision (a)(1), now permits a trial court to recall and resentence a defendant 'on its own motion . . . *at any time* if the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law.'" (*People v. Roy* (2025) 110 Cal.App.5th 991, 997.)

4

relief under section 1170.18 because attempted second degree robbery, second degree robbery, and assault with a firearm (the three offenses for which he was convicted) are not offenses enumerated in section 1170.18 as eligible for reduction to misdemeanors.

To the extent Shepherd argues in his supplemental brief that he is entitled to be resentenced under sections 1385 and 1172.1 (under Assembly Bill No. 600), he did not raise these issues in his petition for resentencing filed in the superior court, and "[w]e stand by the traditional rule that a party must raise an issue in the trial court if they would like appellate review." (*People v. Lowery* (2020) 43 Cal.App.5th 1046, 1054; accord, *People v. Frandsen* (2019) 33 Cal.App.5th 1126, 1155.)

Moreover, even if Shepherd had raised these sections below, he is not entitled to relief. Section 1385, subdivision (c), as amended, states "the court shall dismiss an enhancement if it is in the furtherance of justice to do so," and subdivision (c)(2) lists as one of the mitigating factors that "[t]he application of an enhancement could result in a sentence of over 20 years." However, nowhere in section 1385 does the statute provide jurisdiction for a trial court to reopen a final judgment, which was entered after Shepherd was sentenced on February 2, 2015.

Finally, the superior court's failure to act on its own motion to resentence Shepherd under section 1172.1 is not appealable. (See *People v. Hodge* (2024) 107 Cal.App.5th 985, 991 ["The trial court's decision not to exercise its discretion to recall Hodge's sentence did not affect Hodge's substantial rights under section 1237, subdivision (b), because the trial court had no statutory obligation to act at all on Hodge's request."]; see *People v. Roy* (2025) 110 Cal.App.5th 991, 998 ["We nonetheless conclude

that defendant's substantial rights are not affected by the challenged order because the trial court had no obligation to act on defendant's request."].)  Additionally, we do not consider a resentencing request under section 1172.1 in the first instance. (See *People v. Faustinos* (2025) 109 Cal.App.5th 687, 696 ["We lack the authority to rule on the merits of appeals from orders filed in response to a defendant's attempt to seek resentencing under section 1172.1."].)

Neither Shepherd nor his appellate counsel has identified a cognizable legal issue.  Our independent review has not identified one either.  (See *People v. Delgadillo*, *supra*, 14 Cal.5th at pp. 231-232; see also *People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende* (1979) 25 Cal.3d 436, 441-442.)

**DISPOSITION**

The order is affirmed.


FEUER, J.

We concur:


MARTINEZ, P. J.


STONE, J.

6